IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL NAGY,

    Petitioner,               No. 2:11-cv-2948 JFM (HC)

  vs.

D. DAVEY, et al.,

    Respondents.        <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has moved for an extension of time to file a traverse and for appointment of counsel.

        Petitioner challenges his 2009 conviction on multiple state criminal charges. This action is proceeding on petitioner's original petition, filed November 7, 2011. Petitioner raises eight claims in his petition. In the answer, filed February 22, 2012, respondent has addressed only the first four of those claims. Respondent contends, <u>inter alia</u>, that petitioner's claim of ineffective assistance of counsel, raised as Ground One in the petition, is unexhausted.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

/////

1

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies at least as to his claim of ineffective assistance of counsel.[2]  Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.  The court cannot proceed on the petition at this time.  Good cause appearing, petitioner will be granted thirty days to file, as appropriate, a motion for stay and abeyance pending exhaustion of state court remedies as to any unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or King v. Ryan, 564 F.3d 1133 (9th Cir.), *cert. denied*, _ U.S. _, 130 S.Ct. 214 (2009).  In the alternative petitioner may, within the same thirty day period, file an amended petition raising only exhausted claims.[3]  Petitioner's motion for extension of time to file a traverse will be denied without prejudice.

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C.

---

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2]  It is unclear whether petitioner has exhausted one or more of the claims identified as Grounds E through H of the petition.

[3]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
    Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

§ 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Accordingly, petitioner's motion for appointment of counsel will be denied without prejudice.

      In accordance with the above, Accordingly, IT IS HEREBY ORDERED that:

      1. Petitioner is granted thirty days from the date of this order in which to file either an appropriate motion to stay these proceedings pending exhaustion of state court remedies as to any unexhausted claims or an amended petition;

      2. Petitioner's March 28, 2012 motion for an extension of time to file a traverse is denied without prejudice; and

      3. Petitioner's March 28, 2012 motion for appointment of counsel is denied without prejudice.

DATED: April 4, 2012.

UNITED STATES MAGISTRATE JUDGE

12/md
nagy2948.110+111

3