1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL NAGY,

11            Petitioner,                    No. 2:11-cv-2948 WBS JFM P

12       vs.

13   D. DAVEY, et al.,

14            Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2009 conviction on

18   multiple state criminal charges.  This action is proceeding on petitioner's original petition, filed

19   November 7, 2011.  Petitioner raises eight claims in his petition.  In the answer, filed February

20   22, 2012, respondent contends, inter alia, that petitioner's claim of ineffective assistance of

21   counsel, raised as Ground One in the petition, is unexhausted.

22            By order filed April 6, 2012, this court granted petitioner thirty days in which to

23   file either a motion for stay and abeyance pending exhaustion of state court remedies as to any

24   unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or King v. Ryan, 564 F.3d

25   1133 (9th Cir.), cert. denied, __ U.S. __, 130 S.Ct. 214 (2009) or an amended petition raising only

26   exhausted claims.  In that order, the court noted that it was unclear whether petitioner had

1   exhausted state court remedies with respect to his last four claims.  Respondent now contends

2   those four claims are also unexhausted.  <u>See</u> Opposition to Motion for Stay/Abeyance, filed May

3   10, 2012, at 1.  On April 16, 2012, petitioner filed a motion for stay and abeyance, seeking to stay

4   this action pending exhaustion of state court remedies with respect to his unexhausted claims.

5   Respondent opposes the motion.

6          In <u>Rhines</u>, the United States Supreme Court held that a district court has

7   discretion in "limited circumstances" to stay a mixed petition containing both exhausted and

8   unexhausted claims pending exhaustion of state court remedies.  <u>Rhines</u>, 544 U.S. at 277.  A stay

9   under <u>Rhines</u> is "only appropriate when the district court determines that there was good cause

10  for the petitioner's failure to exhaust his claims first in state court" and is unavailable for "plainly

11  meritless" claims.  <u>Id</u>.  Here, petitioner has not shown any cause for his failure to exhaust his

12  unexhausted claims in the California Supreme Court before filing his federal habeas corpus

13  petition.  For that reason, a stay under <u>Rhines</u> is not appropriate.

14         In <u>King</u>, the United States Court of Appeals for the Ninth Circuit held that a three-

15  step procedure developed in circuit precedent continues after <u>Rhines</u>.  <u>King</u>, 564 F.3d at 1140.

16  This three-step procedure allows "(1) a petitioner to amend his petition to delete any unexhausted

17  claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully exhausted

18  petition, providing the petitioner the opportunity to proceed to state court to exhaust the deleted

19  claims; and (3) once the claims have been exhausted in state court, the petitioner to return to

20  federal court and amend[ ] his federal petition to include the newly-exhausted claims."  <u>King</u>,

21  564 F.3d at 1139 (citing, <u>inter alia</u>, <u>Calderon v. U.S. Dist. Ct. (Taylor)</u>, 134 F.3d 981, 986 (9th

22  Cir. 1998) and <u>Kelly v. Small</u>, 315 F.3d 1063, 1070-71 (9th Cir. 2003) *overruled on other*

23  *grounds by* <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007)).  The so-called <u>Kelly</u>

24  procedure "does not requires that a petitioner show good cause for his failure to exhaust state

25  court remedies."  <u>King</u>, at 1135.

26  /////

1    After review of petitioner's motion, and good cause appearing, this court

2  construes petitioner's motion to include a request to delete his unexhausted claims.  So

3  construed, that request will be granted.  Petitioner also requests that the instant action be held in

4  abeyance while he presents his unexhausted claims to the state court.  Under <u>King</u> and <u>Kelly</u>, this

5  request should be granted.[1]  Petitioner should be cautioned that this action will not proceed

6  further unless and until he files a motion to lft the stay, and he should directed to file a motion to

7  lift the stay within thirty days from the date of any final order by the California Supreme Court

8  resolving his state exhaustion petition.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Petitioner's April 16, 2012 motion for stay and abeyance is construed as

11  including a request to delete his unexhausted claims and, so construed, is granted;

12    2.  Petitioner's original petition, filed November 7, 2011, is deemed amended by

13  the deletion of Grounds A, E, F, G, and H, all of which are unexhausted;

14    IT IS HEREBY RECOMMENDED that

15    1.  Petitioner's April 16, 2012 motion for stay and abeyance be granted;

16    2.  This action be stayed pending exhaustion of state court remedies with respect

17  to petitioner's unexhausted claims;

18    3.  This action not proceed further unless and until petitioner files a motion to lift

19  the stay, which should be filed within thirty days from the date of any final order by the

20  California Supreme Court resolving his state exhaustion petition; and

21    4.  The Clerk of the Court be directed to administratively close this case.

22    These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

24

25    [1]  After petitioner's state court petition is resolved, petitioner would be required to seek leave from this court to amend his petition to add any newly exhausted claims back into this action.  This court makes no findings at this time concerning whether leave to amend would be

26  granted.

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2012.


UNITED STATES MAGISTRATE JUDGE

12
nagy2948.sty

4