UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NAGY,<br><br>    Petitioner,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>    Respondents. | No. 2:11-cv-2948 WBS DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to re-instate the stay of this action, which this court has construed as a renewed motion for a stay and abeyance.

**BACKGROUND**

By way of background, on November 7, 2011, petitioner commenced this action by filing a petition for writ of habeas corpus challenging his 2009 judgment of conviction on multiple state criminal charges. (Doc. No. 1) On February 22, 2012, respondent filed an answer to the petition. (Doc. No. 15) On April 6, 2012, upon review of the petition, then-assigned Magistrate Judge Moulds determined that the petition was a "mixed" petition containing both exhausted and unexhausted claims and granted petitioner time to file a motion for a stay and abeyance. (Doc. No. 19)

On November 9, 2012, Magistrate Judge Moulds construed petitioner's motion for a stay and abeyance as including a request to delete his unexhausted claims and granted that request. (Doc. No. 23)  Magistrate Judge Moulds also issued findings and recommendations, recommending that this action be stayed pursuant to procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir. 2007), pending petitioner's exhaustion of his state judicial remedies.  (Id.)  On December 5, 2012, the assigned District Judge adopted those findings and recommendations in full and stayed this action.  (Doc. No. 25)

More than a year later, on April 3, 2014, counsel for respondent filed a motion to lift the stay of this action, representing to the court that petitioner had not filed any state habeas petitions since the court had granted his motion for a stay.  (Doc. No. 26)  Respondent asked the court to proceed to disposition on the petition as amended pursuant to the court's November 9, 2012 order.  (Id.)  On June 6, 2014, the undersigned issued an order requiring petitioner to show cause in writing why the previously granted stay should not be lifted with him being required to proceed in this federal habeas action only with respect to his already exhausted claims.  (Doc. No. 28)  The undersigned also invited petitioner to oppose respondent's request by explaining to the court any efforts he had undertaken to exhaust his unexhausted claims and warned him that his failure to respond to the order to show cause would result in an order granting respondent's motion to lift the previously entered stay and requiring petitioner to proceed only on his exhausted claims.  (Id.)  Petitioner did not respond to the court's order to show cause in any way.  Accordingly, the court granted respondent's motion to lift the stay of this action and granted petitioner thirty days to either file a traverse or notify the court that he did not intend to file a traverse.  (Doc. No. 29)  Instead of filing a traverse or notice with the court, petitioner has filed the pending motion to re-instate the stay of this action, which this court has construed as a renewed motion for a stay and abeyance.  (Doc. No. 31)

**DISCUSSION**

The court has discretion to stay a federal habeas proceeding and hold an amended, exhausted habeas petition in abeyance.  See Kelly, 315 F.3d at 1070 ("The exercise of discretion

to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed" on federal habeas petitioners.). However, district courts may not abuse their discretion by staying habeas proceedings indefinitely. See Calderon v. United States District Court ("Taylor"), 134 F.3d 981, 988 n.11 (9th Cir. 1998). See also Kelly, 315 F.3d at 1071 ("If petitioner fails to act within the allotted time, the stay may be vacated nunc pro tunc as of the date the district court enters the stay. . . .").

Here, the court finds that petitioner has unreasonably delayed in his pursuit of his federal habeas corpus claims. See Kelly, 315 F.3d at 1071 (indicating reasonable time limits would allow petitioner 30 days to file a petition in state court and 30 days to return to federal court after final rejection of claims by state court). In his renewed motion for a stay and abeyance, petitioner notes that he filed a petition for writ of habeas corpus with the San Joaquin County Superior Court on June 22, 2012, prior to this court entering a stay of this federal habeas action. (Pet'r's Mot. for Stay & Abeyance 1-2.) According to petitioner, the San Joaquin County Superior Court denied his petition back on July 24, 2012, and told him that he needed to present documentary evidence to support his ineffective assistance of counsel claim. More than two years after the superior court's denial of his June 2012 petition, petitioner claims that he is still working on obtaining copies of his trial transcript to file another petition seeking habeas relief from the San Joaquin County Superior Court. (Id. at 1.) Petitioner contends that he has twice been transferred to different prisons and, as a result, twice lost his paper work related to this case since this court stayed this action back in 2012. (Id.)

These prison transfers – commonplace circumstances of many pro se petitioners – simply do not justify petitioner's substantial delay in exhausting his unexhausted claims in this case. Moreover, according to the California Supreme Court's website, to date, petitioner has still not filed any petition for writ of habeas corpus with that court in an attempt to exhaust his unexhausted claims. Based on the record in this case, the court concludes that it would be an abuse of discretion to further stay these proceedings. See Taylor, 134 F.3d at 988 n.11 (it is an abuse of discretion to stay habeas proceedings indefinitely or for a petitioner merely seeking to

stall the habeas corpus process); see also Ryan v. Gonzalez, ___U.S.___,___, 133 S. Ct. 696, 709 (2013) ("But even if [the petitioner] could show that the claim was both unexhausted and not procedurally defaulted, an indefinite stay would be inappropriate."); Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) ("[W]e have never authorized . . . an indefinite, potentially lengthy stay in a habeas case").

Accordingly, the court will recommend that petitioner's renewed motion for a stay and abeyance be denied and that this action proceed only on petitioner's already exhausted claims.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to re-instate the stay of this action construed as a renewed motion for a stay and abeyance (Doc. No. 31) be denied; and

2. Petitioner be directed to file a traverse, if any, in support of his exhausted claims within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 28, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nagy2948.styd

4