UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NAGY, | No. 2:11-cv-2948 WBS DAD P |
| Petitioner, | |
| v. | ORDER AND |
| D. DAVEY, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's second motion to re-instate the stay of this action.

    On July 29, 2015, the undersigned issued findings and recommendations, recommending that petitioner's first motion to re-instate the stay of this action be denied because petitioner had unreasonably delayed in his pursuit of exhausting his unexhausted claims in state court, and it would be an abuse of discretion to further stay these proceedings. (Doc. No. 32) On September 2, 2015, the assigned district judge adopted those findings and recommendations in full and ordered petitioner to file a traverse, if any, in support of his exhausted claims within thirty days. (Doc. No. 34)

    On September 14, 2015, petitioner filed a second motion to re-instate the stay of this action. He explains that he recently inquired about the status of his petition for writ of habeas

corpus filed in the San Joaquin Superior Court and received a response from the clerk of that court indicating that his petition for writ of habeas corpus had been denied back on October 29, 2014.  Petitioner also has informed this court that the clerk of the San Joaquin Superior Court had his correct address but did not have his correct CDC number.  (Doc. No. 35)

Notwithstanding the claimed confusion regarding petitioner's CDC number in the San Joaquin Superior Court, the undersigned finds once again that petitioner has unreasonably delayed in his efforts to exhaust his unexhausted claims in state court.  See Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003) (indicating reasonable time limits would allow petitioner 30 days to file a petition in state court and 30 days to return to federal court after final rejection of claims by state court), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir. 2007).  This court originally stayed this federal habeas action back in 2012 to allow petitioner the opportunity to exhaust his unexhausted claims.  Until recently, petitioner unduly delayed in inquiring and learning about the status of his exhaustion petition filed in the San Joaquin Superior Court.  Moreover, although this federal habeas action has been stayed for almost three years, petitioner has yet to file an exhaustion petition with the California Supreme Court.  Again, the undersigned concludes that it would be an abuse of this court's discretion to further stay these proceedings.

Accordingly, the court will recommend that petitioner's second motion to re-instate the stay of this action be denied and that this action proceed only on petitioner's already exhausted claims.[1]

---

[1] Shortly after filing his second motion to re-instate the stay of this action, petitioner filed a motion for an extension of time and a request for a copy of his original petition for writ of habeas corpus.  In his motion, petitioner requests that the court re-instate the stay of this action or grant him an extension of time, presumably to file a traverse in this action.  As noted above, the undersigned will recommend that petitioner's second motion to re-instate the stay of this action be denied.  In addition, however, the court will recommend that petitioner be granted sixty days from the date of any order adopting these findings and recommendations to file a traverse with this court.  Finally, the court will direct the Clerk of the Court to provide petitioner with a courtesy copy of his original petition for writ of habeas corpus.  Petitioner is reminded that his original petition, filed November 7, 2011, was deemed amended by the deletion of Grounds A, E, F, G, and H, all of which are unexhausted.  (Doc. No. 23.)  No further courtesy copies will be provided to petitioner in the future.

2

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send petitioner a courtesy copy of his original petition for writ of habeas corpus.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to re-instate the stay of this action (Doc. No. 35) be denied; and

2. Petitioner's motion for an extension of time to file a traverse (Doc. No. 36) be granted, and petitioner be directed to file a traverse in support of his exhausted claims within sixty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 16, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nagy2948.styd(2)